RE: MUNICIPAL OR COUNTY HOSPITAL BOARD CONFLICTS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 2, 1988, ASKING FOR INFORMAL ADVICE AS TO THE LEGALITY OF A MEMBER OF THE GOVERNING BOARD OF A COUNTY OR MUNICIPALLY OWNED HOSPITAL HAVING AN INTEREST IN A CONTRACT WITH THE HOSPITAL UPON WHOSE GOVERNING BOARD HE SITS. HE HAS AUTHORIZED ME TO TRANSMIT THIS INFORMATIONAL LETTER TO YOU IN RESPONSE. PLEASE UNDERSTAND, HOWEVER, THAT THIS LETTER IS NOT A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL, AS SUCH A FORMAL OPINION HAS NOT BEEN REQUESTED BY YOU. RATHER, THIS TRANSMISSION SHOULD BE CONSIDERED AS AN INFORMAL LEGAL RESEARCH MEMORANDUM BY THE AUTHOR TO YOU.
ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCIES FOR STATE, CITY, TOWN, DISTRICT OR COUNTY PURPOSES, SHALL BE DEEMED A FELONY. SAID OFFENSE SHALL BE PUNISHED AS MAY BE PRESCRIBED BY LAW, A PART OF WHICH PUNISHMENT SHALL BE DISQUALIFICATION TO HOLD OFFICE."
TITLE 21 O.S. 344 (1981) ALSO PROVIDES:
 "EVERY PUBLIC OFFICER, BEING AUTHORIZED TO SELL OR LEASE ANY PROPERTY, OR MAKE ANY CONTRACT IN HIS OFFICIAL CAPACITY, WHO VOLUNTARILY BECOMES INTERESTED IN SUCH SALE, LEASE OR CONTRACT, DIRECTLY OR INDIRECTLY, IS GUILTY OF A MISDEMEANOR."
IN ATTORNEY GENERAL OPINION NO. 80-145, THE ATTORNEY GENERAL WAS ASKED TO CONSIDER THE TERMS OF THESE PROVISIONS, IN LIGHT OF STATUTORY LANGUAGE CONTAINED IN 60 O.S. 178.8 (1979), WHICH AUTHORIZED TRUSTEES OF PUBLIC TRUSTS IN THE STATE TO HAVE DIRECT INTERESTS IN CONTRACTS LET BY THE TRUST ON WHICH THEY SERVED, IF SUCH CONTRACTS WERE FIRST PRECEDED BY PUBLIC DISCLOSURE OF THE RELATIONSHIP AND ALSO SECURED THROUGH COMPETITIVE BIDDING, OR ANY OF A SERIES OF FIVE OTHER EXEMPTED TYPES OF INTERESTS CONTAINED IN THE SECTION. THE ATTORNEY GENERAL NOTED AT LENGTH THE STRONG PUBLIC POLICY STATEMENTS OF ARTICLE X, SECTION 11, AND ADVISED THAT ITS TERMS WERE SELF-EXECUTING AND COULD NOT BE DIMINISHED BY THE LEGISLATURE. ACCORDINGLY, THE ATTORNEY GENERAL OPINED THAT THE STATUTE IN QUESTION WAS UNCONSTITUTIONAL AND THAT THE EXEMPTED TYPES OF INTERESTS SET FORTH THEREIN WERE UNLAWFUL.
VERY SIMILAR STATUTORY LANGUAGE APPEARS IN TITLE 11 RELATIVE TO PROHIBITED TYPES OF INTERESTS THAT MEMBERS OF BOARDS OF CONTROL OF MUNICIPAL HOSPITALS MAY NOT ENGAGE IN WITHOUT VIOLATING STATE LAW. TITLE 11 O.S. 30-105 (1981) PROVIDES, IN THIS REGARD:
"NO MEMBER OF THE BOARD SHALL HAVE A PECUNIARY INTEREST, EITHER DIRECTLY OR INDIRECTLY, IN ANY PURCHASE FOR THE HOSPITAL, EXCEPT WHEN SUCH A PURCHASE IS MADE UPON A COMPETITIVE BID BASIS."
BY UTILIZATION OF THE TESTS ENUNCIATED IN ATTORNEY GENERAL OPINION NO. 80-145 FOR DETERMINING WHETHER A PARTICULAR PERSON IS A PUBLIC OFFICER, FOR PURPOSES OF ARTICLE X, SECTION 11 PROHIBITIONS, IT IS CLEAR THAT THE MEMBERS OF A MUNICIPAL HOSPITAL BOARD OF CONTROL ARE PUBLIC OFFICERS ARE SUBJECT TO THE CONSTITUTIONAL RESTRICTIONS SET FORTH ABOVE, AND, FURTHER, THAT THE TERMS OF 11 O.S. 30-105 PROVIDING FOR AN EXEMPTION FROM ITS PROHIBITIONS IN CASES OF AWARDS AFTER COMPETITIVE BIDDING, ARE UNCONSTITUTIONAL.
THE SAME TYPE OF LANGUAGE APPEARS IN 19 O.S. 790.1 (1981) RELATIVE TO THE BOARDS OF CONTROL OF COUNTY OWNED HOSPITAL
THE RATIONALE UTILIZED TO EXAMINE MUNICIPAL BOARDS OF CONTROL IS EQUALLY APPLICABLE TO THESE TYPES OF OFFICERS.
YOU WILL FIND SIMILAR ADVICE TENDERED BY THE ATTORNEY GENERAL IN OTHER SITUATIONS INVOLVING OTHER TYPES OF OFFICERS WITH INTERESTS IN CONTRACTS WITH THE PUBLIC ENTITIES THEY SERVE IN ATTORNEY GENERAL OPINION NOS. 82-016, 83-119, 83-153, 83-249, AND 85-109.
IN CONCLUSION, IT IS MY PROFESSIONAL OPINION THAT IT WOULD BE A PROHIBITED CONFLICT OF INTEREST FOR A MEMBER OF A COUNTY OR MUNICIPALLY OWNED HOSPITAL BOARD OF CONTROL TO CONTRACT TO PROVIDE SERVICES TO THE ENTITY THAT HE SERVES, AND THAT THE LANGUAGE IN 11 O.S. 30-105 AND 19 O.S. 790.1, PERMITTING SUCH INTERESTS IF THE SERVICES ARE ACQUIRED THROUGH COMPETITIVE BIDDING IS VIOLATIVE OF ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION. PLEASE UNDERSTAND AGAIN THAT THE OPINION EXPRESSED HEREIN IS SOLELY THE OPINION OF THE AUTHOR AND DOES NOT CONSTITUTE A BINDING, FORMAL OPINION OF THE ATTORNEY GENERAL. I HAVE TAKEN THE LIBERTY OF ENCLOSING FOR YOUR INFORMATION A COPY OF ATTORNEY GENERAL OPINION NO. 80-145. PLEASE FEEL FREE TO CALL ME IF YOU HAVE ANY FURTHER QUESTIONS IN THIS AREA.
(MICHAEL SCOTT FERN)